**BARCLAY v. UNITED STATES.**

**Civ. A. No. 3127.**

District Court, W. D. Pennsylvania.

Jan. 7, 1948.

---

includible in her taxable estate under Section 302(a) or Section 302(f), either or both, of the Revenue Act of 1926, as amended, 26 U.S.C.A.Int.Rev. Acts, pages 227, 230. This Court held as per findings filed that it is includible under section 302 (a) and section 302(f). The arguments made, orally and written, have not changed my original opinion filed October 6, 1947 and for reasons given therein, I am of the opinion that the third conclusion of law should be sustained.

█ In reason No. 1 of plaintiff in support of the motion for a new trial it is stated that the Court's consideration of the provision of section 302(f) was erroneous for the reason that defendant, at the trial, stated that it abandoned its contention that the trust property was includible in the decedent's gross estate under section 302(f). It appears in the transcript of the proceedings at this trial that defendant, by its attorney, stated, "I think, our position fairly clearly that we no longer contend the one-fifth interest in the Coulter property belonging to the Coulter trust is taxable under 302(f) as property passing under power of appointment." We do not understand that such a statement precludes the Court from considering any applicable law to the issue involved. At any rate, the Court heard plaintiff's counsel fully, by oral argument and by brief, on the above point.

At the argument of the motions now before the Court, defendant, in its brief, stated: "We now urge that the decision of the Court that the Coulter trust property is includible in the decedent's taxable estate under both sub-sections (a) and (f) of Section 302 of the Revenue Act of 1926, as amended, should stand."

C. Ward Eicher, of Greensburg, Pa., and Lee W. Eckels (of Thorp, Bostwick, Reed & Armstrong), of Pittsburgh, Pa., for plaintiff.

John W. Fisher, Sp. Asst. to Atty. Gen., and Elliott W. Finkel, Sp. Asst. to U. S. Atty., of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This action is now before the Court on plaintiff's motions to amend conclusions of law and for a new trial which were filed October 15, 1947.

█ The question involved in this action is whether the one-fifth interest in the residuary estate of Emma W. Coulter over which Rebecca Coulter Barclay, decedent, had a power of appointment, is

### Order

And now, to wit, January 7, 1948, this action came before the Court on plaintiff's motions to amend conclusions of law and for a new trial filed October 15, 1947, and after hearing and consideration thereof, the said motions are refused.